STATE OF NORTH CAROLINA v. EVERETTE O. HERITAGE
No. 6915SC413

(Filed 22 October 1969)

**Criminal Law § 23—   guilty pleas — voluntariness**

Questions asked defendant by the trial court and defendant's answers thereto given under oath *are held* sufficient to support the court's findings and conclusion that defendant's pleas of guilty to breaking and entering, larceny and safecracking were entered voluntarily, knowingly and understandingly.

APPEAL by defendant from *Thornburg, S.J.*, 8 April 1969 Criminal Session, ALAMANCE County Superior Court.

The defendant was charged in two bills of indictment. The first bill of indictment charged the defendant with feloniously breaking and entering a place of business belonging to Carl Needham and known as Needham Produce Market on 10 November 1968. This bill of indictment had a second count in it charging the defendant, after breaking and entering the place of business occupied by Carl Needham and known as Needham Produce Market, with the felony of larceny of money and merchandise of a total value of $738.50. The second bill of indictment charged the defendant with the felonious breaking open of a safe belonging to Carl Needham, wherein had been stored money and other valuables, by using an acetylene torch on 10 November 1968.

The defendant retained privately-employed counsel to represent him in the matter. In open court the defendant, through his privately-retained counsel, tendered a plea of guilty to all of the charges. Before accepting the plea of guilty to all of the charges, the court questioned the defendant extensively as to the circumstances pertaining to his plea of guilty.

Based upon the inquiry made by the trial judge in open court, the court ascertained, determined and adjudicated that the plea of

guilty entered by the defendant was freely, understandingly and voluntarily made, and was made without undue influence, compulsion or duress, and without promise of leniency.

From a sentence of 10 years imprisonment on the charge of safe-cracking and a concurrent sentence of 2 years on the charges of breaking and entering and larceny, which were consolidated for the purposes of sentence, the defendant appealed to this Court.

*Attorney General Robert Morgan and Staff Attorney Carlos W. Murray, Jr., for the State.*

*James C. Spencer, Jr., for defendant appellant.*

CAMPBELL, J.

After the trial the privately-retained attorney for the defendant was permitted to withdraw from the case. The defendant was found to be an indigent, and the court appointed an attorney to represent him on this appeal. The appeal presents one question for determination, and that is whether the record is adequate and sufficient to sustain the adjudication that the defendant voluntarily, knowingly and understandingly pleaded guilty. The record discloses that the court, with considerable patience and understanding, questioned the defendant and made inquiry in an effort to ascertain whether or not the plea of guilty was submitted to the court voluntarily, knowingly and understandingly. The questions asked and the answers given by the defendant under oath are adequate and sufficient to support the court's findings and adjudication. No prejudicial error has been shown.

Affirmed.

PARKER and GRAHAM, JJ., concur.